11 CANNELLA, J.,
dissenting.
I respectfully dissent from the result reached by the majority. In my view, there are genuine issues of fact involved in this case that preclude summary judgment.
*87 I agree with the majority that Washington v. Savoie, 92-2957 (La. 4/11/94), 634 So.2d 1176, stands for the proposition that an insurance agreement cannot be reformed after an accident to preclude coverage where coverage apparently existed at the time of the accident. However, those are not the facts in this case.
As stated in the majority opinion, at the time of the Comberrel accident, this policy did not provide coverage because the only named insured was Bankers. To find coverage, the policy must be reformed. When the underwriting instructions are considered, it is apparent that the parties intended that Commonwealth be listed as an additional named insured. Also, it was the parties’ intent, as evidenced by those same underwriting instructions, that only six to eight Commonwealth vehicles be covered by the policy (thereby excluding the Comberrel vehicle). For whatever reason, neither one of those two instructions were incorporated into the issued policy. Therefore, the policy did not provide coverage at the time of the accident. Thus, Washington does not apply.
| j>To find coverage the policy must be judicially reformed. The majority errs, in my view, by splitting the reformation into two parts, allowing the reformation of including Commonwealth, but not allowing it to only cover six to eight vehicles (excluding the Comberrel vehicle). If the insurance agreement is to be reformed, it should not be only partially reformed. It should be reformed with the complete intent of the parties, that is, the original intent of the parties to include Commonwealth and coverage for six or eight of the Commonwealth automobiles.
Applying either full or no reformation to the facts of this case, we are left with genuine issues of fact that preclude summary judgment. The stipulation, which admitted that Commonwealth was a named insured, without the restriction to the designated automobiles, if not authorized, was likely an error. Thus, authorization of the stipulation, which is in dispute, presents a factual question which precludes summary judgment. Further, the question of whether or not the stipulation caused Sunset’s liability, and/or to what extent, also presents genuine issues of material fact, which were not resolved by the Washington case and, therefore, likewise preclude summary judgment.
Accordingly, for the reasons set forth above, I am of the view that the summary judgment should not have been granted and the majority errs in affirming it.